UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER GAUTAM HOTA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 22-cv-1404-JBM |
| KYLE WALLERICH, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the McLean County Detention Facility ("MCDF"). (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff files suit against Assistant Jail Superintendent Matthew Proctor, Sergeant Kyle Wallerich, and Correctional Officers Shane Bassette, Megan Kohrt, and Lt. Loftus.

Plaintiff alleges that on July 27, 2022, Defendant Kohrt charged him with indecent exposure because he was naked in his cell. "Indecent exposure" is listed a "Major Rule Violation," according to MCDF policy. Plaintiff admits that he was naked.

A "Major Rule Hearing" conducted by Defendants Wallerich, Loftus, and Bassette was held on July 28, 2022, and Plaintiff was allowed to present his defense. Plaintiff requested Defendant Kohrt to attend the hearing, but Defendant Wallerich explained that, as a matter of policy or protocol, officers who accuse detainees of rule violations are prohibited from participating in the disciplinary process. Plaintiff was disciplined with fifteen days of in-cell confinement and placed on a "twenty-three and one" schedule. During this time, he remained in his cell for twenty-three hours a day and was allowed to spend one hour in the common areas. Plaintiff states that this discipline did not harm him, as he was already in protective custody.

On July 31, 2022, Plaintiff submitted a "Disciplinary Appeal." He alleges that he was limited to only two lines to explain the grounds of his appeal. He claims that this prevented him from submitting a coherent and exculpatory appeal. Defendant Proctor, the Assistant Jail Superintendent, allegedly reviewed the appeal without contacting Plaintiff to "receive the full heft of the appeal." *Id.* at 8. Defendant Proctor denied Plaintiff's appeal, stating: "Hota claims that he should be able to do this because he is in his cell. This is not true as the jail is a public building and he should be clothed unless using facilities such as the shower. It is a rule violation for this to occur and this is why he was cited and found guilty of such." *Id.*

## ANALYSIS

The review of a procedural due process claim requires a two-part analysis: whether the plaintiff was deprived of a protected liberty or property interest, and if so, what process was due. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right

is identified, then procedural due process must be provided. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1020 (7th Cir. 2000). A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997); *see also Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (characterizing up to 90 days in segregation a relatively short period, depending on the conditions imposed).

Here, Plaintiff states that he was disciplined for indecent exposure and placed on "in-cell confinement" for fifteen days. During this time, he remained in his cell for twenty-three hours and was allowed out in the common areas for one hour each day. He does not plead that the conditions of his confinement were atypical. In fact, he states that the discipline imposed was "not materially concerning." (Doc. 1 at 7). Plaintiff states that he had requested to be in protective custody and was already assigned to a "twenty-three and one" schedule prior to the tribunal's ruling. Plaintiff states that he "preferred it that way." *Id.* As a result, it appears that there was nothing atypical about his confinement. This is not enough to state a due process claim. *See Lekas v. Briley*, 405 F.3d 610, 613 (7th Cir. 2005) (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (only lengthy period of segregation and harsh conditions will violate due process). Therefore, the Court finds that Plaintiff fails to plead a due process claim against Defendants. Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b) and 28 U.S.C. § 1915A. Any amendment would be futile, as Plaintiff cannot allege a constitutional claim based on these allegations.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's Complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot allege a cognizable claim on these facts. This case is therefore closed. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2.  This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3.  Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4.  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)

(providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:   4/5/2023

s/ Joe Billy McDade
Joe Billy McDade
U.S. District Court Judge
